UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD R. SCOTT,

          Plaintiff,

v.

MARK STRONG,

          Defendant.

Case No. C21-5362-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    BACKGROUND

Plaintiff Richard Scott is confined at the Special Commitment Center ("SCC") on McNeil Island in Pierce County, Washington. On May 12, 2021, Plaintiff submitted to the Court

REPORT AND RECOMMENDATION
PAGE - 1

for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* dkt. # 1.) Plaintiff's complaint was assigned a case number but was not immediately filed because of his failure to comply with the filing fee requirement. (*See* dkt. # 2.) Plaintiff's complaint was filed on July 13, 2021, upon receipt of the filing fee. (*See* dkt. # 3.) Plaintiff identified a single claim for relief in his complaint concerning his alleged exposure to second-hand smoke over the course of more than fourteen years of residency at the SCC. (*Id*. at 2.)

Specifically, Plaintiff asserted that he is a non-smoker who has resided at the SCC since 2003, and that SCC residents were allowed to smoke there until a group of non-smokers filed a lawsuit complaining about exposure to second-hand smoke at the facility. (Dkt. # 3 at 2.) Plaintiff asserted that the lawsuit in question, *Malone v. Quigley*, C14-5974-JCC, had been settled and that the named plaintiffs had been paid. (*Id*.) Plaintiff indicated in his pleading that he moved to join that action, but his motion was denied. (*Id*.) He also indicated that he filed a lawsuit of his own in 2015 seeking declaratory relief with respect to second-hand smoke concerns at the SCC but dropped the lawsuit after the facility went non-smoking. (*Id*.)

Plaintiff did not explain in his complaint how he was harmed by the alleged exposure to second-hand smoke. All the Court could glean from Plaintiff's very sparse pleading was that he appeared to believe the success of the SCC residents in *Malone* entitled him to relief here. Plaintiff identified as the lone Defendant in his complaint Mark Strong, a former Chief Executive Officer ("CEO") at the SCC, and he requested $50,000 in damages. (Dkt. # 3 at 1-2.)

On August 18, 2021, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted. (Dkt. # 5.) The Court noted therein that in 2016, Plaintiff filed a civil rights action challenging

REPORT AND RECOMMENDATION
PAGE - 2

the conditions of his confinement at the SCC in which he asserted multiple claims, including one relating to his alleged exposure to environmental smoke ("ETS"). (*See id*. at 2.) The claims asserted in that action were dismissed on the merits on summary judgment in January 2018. (*Id*.) The Court also noted that in July 2020, Plaintiff sought to intervene in the *Malone* case, referenced above, but the request was denied for multiple reasons, including that the request was not timely, and that Plaintiff had already litigated a claim relating to his exposure to ETS in his 2016 civil rights action. (*Id*.)

The Court went on to explain that Plaintiff failed to allege sufficient facts in his complaint to adequately state a claim for relief against the lone Defendant in this action, former SCC CEO Mark Strong. (Dkt. # 5 at 4.) The Court further explained that the doctrine of *res judicata* likely barred re-litigation of any ETS claim given Plaintiff's litigation history. (*Id*. at 4-5.)

Plaintiff filed a response to the Order to Show Cause in which he asserts, with little clarity, that *res judicata* does not apply to the claim alleged in his complaint. (Dkt. # 6 at 1.) Plaintiff also appears to take issue with this Court's determination that he failed to adequately allege a cause of action against Defendant Strong and with this Court's assessment of the reasons he was not permitted to join the *Malone* case. (*Id*. at 2.) Finally, Plaintiff suggests that all non-smokers at SCC "should be paid," an apparent reference to the settlement in the *Malone* case. (*Id*.) As explained below, Plaintiff fails to demonstrate in his response to the Order to Show Cause that this case should be permitted to proceed.

### III.    DISCUSSION

Plaintiff has a long history of abusive litigation tactics and is the subject of case management orders in the Western District of Washington. Such orders do not apply in this

REPORT AND RECOMMENDATION
PAGE - 3

instance because Plaintiff has paid the full filing fee for this case. However, the fact that Plaintiff has paid the filing fee does not preclude this Court from screening Plaintiff's complaint to determine if this action should be permitted to proceed. The Ninth Circuit has explained that "'[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim'" upon which relief may be granted. *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (quoting *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981)); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction, and may be dismissed *sua sponte* before service of process.") (internal citation omitted).

      A complaint, or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 555 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint may also be dismissed for failure to state a claim if it

REPORT AND RECOMMENDATION
PAGE - 4

discloses some fact or complete defense that will necessarily defeat the claim. *Franklin*, 745 F.2d at 1228-29.

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show: (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

For the reasons explained in this Court's Order to Show Cause, it appears that the doctrine of *res judicata* likely bars Plaintiff's ETS claim. (*See* dkt. # 5 at 4-5.) Plaintiff's vague assertion in his response to the Order to Show Cause that *res judicata* does not apply is not persuasive. However, it is not necessary for the Court to determine conclusively that *res judicata* bars Plaintiff's claims because he has not, in any event, stated any viable claim for relief. Plaintiff fails to allege sufficient facts in his complaint to demonstrate that former SCC CEO Mark Strong personally participated in causing Plaintiff any harm of federal constitutional dimension, offering only vague and conclusory allegations in his complaint which fail to suggest, much less establish, that he suffered any actual harm or that any harm he may have suffered as a result of exposure to ETS can be reasonably attributed to Mr. Strong. Plaintiff offers nothing in his response to the Court's Order to Show Cause suggesting that he has additional facts to present which might enable him to state a viable claim for relief against Mr. Strong. As Plaintiff

REPORT AND RECOMMENDATION
PAGE - 5

fails to adequately state a claim for relief against the only Defendant identified in his pleading, this action must be dismissed.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed with prejudice, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. A proposed order accompanies this Report and Recommendation.

## V.   OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 26, 2021**.

DATED this 3rd day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge