THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| RICHARD R. SCOTT, | CASE NO. C21-5362-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MARK STRONG, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's civil rights complaint (Dkt. No. 3.) The Honorable Michelle Peterson, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Dkt. No. 7) recommending that the complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner objects to the R&R. (Dkt. No. 8.) For the reasons described below, the Court hereby OVERRULES Petitioner's objections, ADOPTS the R&R, and DISMISSES with prejudice the complaint.

Plaintiff is confined to the Special Commitment Center ("SCC") on McNeil Island in Pierce County, Washington. (Dkt. No. 3 at 1.) He filed a civil rights complaint pursuant to 42 U.S.C. § 1983 regarding alleged injury from exposure to second-hand smoke over the course of his residency at the SCC. (*Id.* at 2.) In her R&R, Judge Peterson recommends that the case be dismissed with prejudice for failure to state a claim because Plaintiff does not allege sufficient facts to demonstrate that former SCC CEO Mark Strong personally participated in causing

Plaintiff any harm of federal constitutional dimension. (Dkt. No. 7 at 5.)[1] Plaintiff filed an objection to the R&R (Dkt. No. 8.) But the objection merely indicates that Plaintiff stands on his prior responses to the Court. (*Id.* at 1.)

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, a general objection has the same effect as no objection at all, since it does not focus the Court's attention on any specific issue for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such an "objection" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the court to a specific error in the R&R. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003). Here, Plaintiff points to no specific error in the R&R, other than general "disagree[ment] with this magistrate [] Judges [sic] reading of the law." (Dkt. No. 8 at 1.) This is insufficient to trigger this Court's reconsideration of Judge Peterson's legal determination.

For the foregoing reason, Plaintiff's objection (Dkt. No. 8) is OVERRULED. The Court thus ADOPTS the R&R (Dkt. No. 7) and DISMISSES with prejudice Plaintiff's complaint (Dkt. No. 3.)

//

//

//

---

[1] Judge Peterson also notes that Plaintiff's claim, if adequately stated, would still likely be legally deficient as it would be barred by the doctrine of *res judicata* based on a prior complaint filed by Plaintiff containing similar allegations. (*See* Dkt. Nos. 5 at 2–3, 7 at 5.)

ORDER
C21-5362-JCC
PAGE - 2

1 | DATED this 13th day of December 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE